## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0255** (Pendleton County 10-F-16)

**Kimberly Pitsenbarger,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Kimberly Pitsenbarger, by counsel J. Patrick L. Stephens, appeals the Circuit Court of Pendleton County's sentencing order entered on January 19, 2012. The State of West Virginia, by counsel Thomas Rodd, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of embezzlement and six counts of falsifying accounts. Petitioner was convicted by jury on one count of embezzlement, five counts of falsifying accounts, and one count of falsifying/destroying accounts. Petitioner was sentenced to incarceration for one to ten years for embezzlement, one to ten years for each count of falsifying accounts, and one to ten years for falsifying/destroying accounts. The sentences for embezzlement, one count of falsifying accounts, and falsifying/destroying accounts were ordered to run consecutively. The remaining five counts of falsifying accounts were to run concurrently with each other and all other charges.

On appeal, petitioner first argues the trial court erred in denying her motion to transfer venue. Petitioner argues she was convicted in Franklin, West Virginia, the county seat of Pendleton County, for alleged crimes in which the town of Franklin was the victim and the mayor testifying created a hostile sentiment. The State argues petitioner failed to point to any specific facts that showed any extensive hostile sentiment or prejudice. The State argues the circuit court did not have any difficulty empaneling a jury.

This Court has previously held that:

> To warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests upon defendant, the only person who, in

1

any such case, is entitled to a change of venue. The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered, rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused.

Syl. Pt. 2, *State v. Wooldridge*, 129 W.Va. 448, 40 S.E.2d 899 (1946). Good cause "means proof that a defendant cannot get a fair trial in the count where the offense occurred because of the existence of locally extensive present hostile sentiment against him." Syl. Pt. 1, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). In the instant case, the trial court held, "there was absolutely no problem in selecting a jury in this case . . . ." Based upon our review of the record, we find that there was no abuse of discretion in denying the motion for change of venue.

Petitioner also argues there was insufficient evidence to convict her of falsifying/destroying accounts pursuant to West Virginia Code § 61-3-22. Petitioner argues that, according to *State v. Rouzer*, 127 W.Va. 392, 32 S.E.2d 865 (1945), the term "accounts" refers to the double entry ledgers that document transactions between parties. Petitioner argues the State failed to produce any evidence that she mutilated, destroyed, or concealed an account or book of accounts because the testimony showed petitioner instructed that old boxes of bills and receipts be destroyed, not accounts. The State argues that petitioner has failed to preserve this assignment of error so that only plain error review is implicated. The State argues petitioner failed to object to the jury charge on falsifying/destroying accounts, submit instructional language regarding the definition of an account, or make a motion at the close of evidence arguing that the evidence did not show misconduct regarding accounts. The State argues that the documents that were destroyed constitute "accounts" because they fall within the examples enunciated in *Rouzer*.

In reviewing criminal convictions on appeal, we have held as follows:

"'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

"'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find

guilt beyond a reasonable doubt. [] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012). The jury was presented with evidence that petitioner directed a town employee to destroy bills, receipts, time sheets, and other records. Upon our review of the record, this Court finds that the evidence was sufficient to support petitioner's conviction of falsifying/destroying accounts.

Finally, petitioner argues the trial court erred in admitting the testimony of Harold Fortner. Petitioner alleges the witness was allowed to testify about facts and documents that were not admitted into evidence. The State argues that Mr. Fortner's summary was properly admitted into evidence. This Court has held, "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). Petitioner subpoenaed additional documents from the Town of Franklin and indicated that he was satisfied with the information he received from the State. Upon our review, we find no abuse of discretion in the circuit court allowing the witness's testimony.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II